UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

EURO DISMANTLING SERVICES LTD                                          PLAINTIFF

v.                                                         CIVIL ACTION NO 3:09-CV-57-S

NEWBRIDGE DEVELOPMENT LLC, et al.                                    DEFENDANTS

**OPINION AND ORDER**

This matter is before the Court on a motion to reconsider filed by Plaintiff, Euro Dismantling Services Limited ("EDS"). Defendants, NewBridge Development, LLC and The Mardrian Group, Inc., oppose the motion. In an Order entered March 29, 2010, the Court denied EDS's motion to dismiss this action as settled and, on Defendants' motion to enforce a condition in the settlement, ordered EDS to perform its agreement to obtain an insurance rider on the property at issue. In the motion to reconsider, EDS states it is presently unable to comply with the Court's March 29th order because retroactive coverage is not available either through the brokerage firm, Neace Lukens, or directly from the previous carrier, Colony Insurance Company. EDS provides this new, specific information by affidavits and asks the Court, instead, to order that EDS indemnify Defendants. Defendants counter that an insurance rider may be cost-prohibitive but still possible and that the Court should enforce the insurance rider provision or order EDS to return the settlement funds and proceed in litigation.

The Court concludes, however, that EDS has provided adequate proof that performance of the insurance provision has become impracticable, if not impossible, and that EDS should be excused from performance of the condition. It is beyond cavil that specific performance will not be ordered where performance has become impossible or impracticable. *See* RICHARD A. LORD,

WILLISTON ON CONTRACTS §§ 67:17, 77:1 (4th ed. 2009-2010); *see also* RESTATEMENT 2D CONTRACTS § 271 (1981 through Aug. 2010) (stating that impracticability excuses the non-occurrence of a condition if it is not a material part of the agreed exchange and forfeiture would otherwise result). The Court will, therefore, require EDS to indemnify Defendants in lieu of an insurance rider. The Court being sufficiently advised,

**IT IS HEREBY ORDERED** that the Order entered March 29, 2010 is **AMENDED** as follows:

Within ten days of the entry of this Order, EDS shall sign and file an Indemnification Agreement indemnifying Defendants, for the period March 18, 2009 through April 30, 2009, against any losses and claims, in the same manner and respects (excepting only the time period of coverage) as provided by the insurance EDS originally had in place on the project, as set forth in paragraph 4 of the parties' settlement agreement, which is addressed in the Memorandum Opinion entered March 29, 2010. Failure to comply within the time allowed will provide grounds for sanctions. Upon the filing of said Indemnity Agreement, the action will be dismissed by further order.

All other provisions of the Order entered March 29, 2010 remain in full force and effect.

DATE:

Copies to counsel